UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERREL L. THOMAS,

     Plaintiff,

v.                                                          CASE No. 8:07-CV-2173-T-24TGW

BANK OF AMERICA
CORPORATION,

     Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff has filed an affidavit of indigency pursuant to 28

U.S.C. 1915, seeking a waiver of the filing fee for his complaint against Bank

of America Corporation (Doc. 2). The plaintiff, proceeding *pro se*, has filed

a vague complaint alleging various constitutional violations by Bank of

America apparently stemming from an incident where an employee of the

bank called the police to report that the plaintiff's vehicle contained a baby

that was not restrained in a child-restraint device (Doc. 1).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing

of a civil lawsuit without prepayment of fees if the affiant submits an affidavit

that includes a statement of all assets showing an inability to pay the filing fee

and a statement of the nature of the action which shows that he is entitled to

redress. Even if the affiant proves indigency, the case shall be dismissed if

the action is frivolous or malicious, or fails to state a claim upon which relief

may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Here, the affiant's vague and factually-deficient complaint is

patently insufficient (Doc. 1). First, the complaint states that the plaintiff is

suing Bank of America under Title III of the Americans with Disabilities Act

("ADA"), 42 U.S.C. 12101 et. seq. (2000). Title III of the ADA provides a

cause of action where a privately owned place of public accommodation has

discriminated against a disabled person with regard to goods and services

provided by that entity.   42 U.S.C. 12182(a).   However, the plaintiff's

complaint asserts no claims related to denial of goods or services based on a

disability, nor does it establish that plaintiff qualifies as a disabled person

under the ADA.[*]

---

[*]Plaintiff's only reference to a disability in the entire complaint is a sentence under "Relief Requested" that states "Plaintiff is a qualified person under the Social Security Disability Act" (Doc. 1, p. 5). There are no statements regarding the nature of the disability, nor any allegations of discriminatory actions by Bank of America on the basis of disability.

The complaint contains six claims, all of which are based largely on constitutional grounds.   The core complaint seems to be that the defendant's actions in calling the police violated the plaintiff's rights under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution (Doc. 1, pp. 3-5).  However, defendant Bank of America is a private entity, and these constitutional protections apply only to actions by government actors, not private individuals. Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 619 (1991); Public Utilities Commission of District of Columbia v. Pollak, 343 U.S. 451, 461 (1952).

Although the plaintiff makes general references to the Florida Constitution, he has failed to cite any specific provision of that Constitution that he alleges has been violated. Further, the passing reference to 42 U.S.C. 1988 in the Fourth Claim is unavailing since that provision does not create any substantive right.

The complaint also contains vague allegations relating to claims of defamation and invasion of privacy (Doc. 1, pp. 4-5).  However, the complaint lacks any statement of facts to support any of the elements of these torts. Further, the plaintiff has not listed any facts which support a claim for

-3-

mental distress or harm to reputation resulting from the defendant's alleged actions. In general, while the complaint does contain one sentence concerning the alleged phone call to the police (id., p. 3), it is otherwise deficient in alleging relevant facts.

Finally, I cannot conceive of any circumstances where the plaintiff would have a claim for relief against a private citizen because that individual called the police to report that, in an apparent violation of Florida law, a baby in a car was not being restrained in a child-restraint seat.

For the above reasons, I recommend that the Motion to Proceed In Forma Pauperis (Doc. 2) be denied and that the complaint be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(i) and (ii).

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 10, 2007

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).